<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ARON ROSENZWEIG,** *on behalf of himself and all other similarly situated consumers*,<br><br>                         **Plaintiff**,<br><br>v.<br><br>**TRANSWORLD SYSTEMS, INC.,**<br><br>                         **Defendant**. | **Civil Action No. 16-227 (JMV)**<br><br><br><u>**OPINION**</u> |

**FALK, U.S.M.J.**

Before the Court is Plaintiff's motion for leave to file an amended complaint. [ECF No. 18.] The motion is opposed. No argument is necessary. Fed. R. Civ. P. 78(b). For the reasons stated below, Plaintiff's motion is **GRANTED**.

## BACKGROUND

On January 13, 2016, Plaintiff filed his complaint as a putative class action against Defendant Transworld Systems, Inc. ("TSI"), alleging that it violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*., while attempting to collect a debt owed to MTA Bridges and Tunnels EZ-Pass ("EZ-Pass") arising out of an unpaid toll. Plaintiff alleges that TSI engaged in deceptive collection practices by misrepresenting that the debt was accruing interest and that other charges could accrue under state law.

Plaintiff's theory is that the misrepresentations were made for purposes of compelling immediate payment by threatening that the debt's balance would increase.

On March 14, 2016, TSI answered the Complaint. No pre-answer, Rule 12 motion to dismiss was made. [ECF No. 7.]

On May 5, 2016, the Undersigned held an initial conference and entered a scheduling order, which provided, among other things, for the filing of any motions to amend pleadings by June 22, 2016, and the close of discovery on December 20, 2016. [ECF No. 11.]

On May 20, 2016, TSI wrote to the Court requesting leave to file a motion for judgment on the pleadings pursuant to Rule 12(c). [ECF No. 13.]

On May 22, 2016, Plaintiff opposed the request and stated that TSI was not responding to outstanding discovery requests. [ECF No. 14.]

On May 31 and June 8, 2016, the Undersigned held conferences to address the status of the case and TSI's request to make a dispositive motion. Plaintiff stated that TSI's motion could not be decided without discovery and that he intended to move for leave to file an amended complaint.

On June 10, 2016, the Undersigned entered an Order setting a briefing schedule for Plaintiff's motion for leave to amend and temporarily staying discovery. [ECF No. 17.]

On June 20, 2016, Plaintiff filed the present motion to amend. He seeks permission to file an amended complaint that adds approximately 20 paragraphs of additional allegations to the original complaint and counts for violation of the New Jersey

Consumer Fraud Act, N.J.S.A. § 56:8-2 ("NJCFA") and the New Jersey Truth in

Consumer Warranty and Notice Act, N.J.S.A. 56:12-15 ("TCCWNA").

TSI opposes the motion to amend claiming that Plaintiff has unduly delayed in

seeking to amend his complaint and that the proposed amendments are futile.[1]

## **DISCUSSION**

### A.   **Legal Standard**

Rule 15 provides that once a responsive pleading has been filed, "a party may

amend its pleadings only with the opposing party's written consent or the court's leave."

Fed. R. Civ. P. 15(a)(2).  Leave to amend is liberally granted unless there is:  (1) undue

delay or prejudice; (2) bad faith; (3) dilatory motive; (4) failure to cure deficiencies

through previous amendment; or (5) futility.  Foman v. Davis, 371 U.S. 178, 182 (1962).

The ultimate decision to grant or deny leave to amend is a matter committed to the court's

sound discretion.  See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321,

330 (1970).  The Third Circuit has "made clear that there is to be a liberal use of Rule 15

to amend complaints so as to state additional causes of action."  Leased Optical Dep't,

Inc. v. Opti-Center, Inc., 120 F.R.D. 476, 479 (D.N.J. 1988) (quotes omitted).

---

[1] TSI argues that all three claims in the amended complaint are futile, even though
only two (the NJCFA and TCCWNA claims) are being added through the amended
pleading.  In other words, TSI has effectively sought a ruling that Plaintiff's FDCPA
claim from the original pleading is futile, even though it is not being added to the case
through the proposed amendment, and even though it failed to make a pre-answer motion
to dismiss the claim.

B.     **Plaintiff's Amendment**

1.     **No Undue Delay**

"Delay alone . . . is an insufficient ground to deny an amendment, unless the delay unduly prejudices the non-moving party."  Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978); Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir. 1984) (district court erred in not permitting amendment 10 years after original complaint when there was no demonstrated prejudice).  Delay is only undue when it places a burden on the Court or causes prejudice to the non-moving party.  Marlowe Patent Holdings v. Dice Electronics, LLC, 293 F.R.D. 688, 695 (D.N.J. 2013).

Delay is not an issue in this case.  The Complaint was filed in January 2016.  The initial conference was held in May.  The Court's initial scheduling order provided that motions to amend were to be filed by June 22, 2016.  Within a month of the scheduling conference, Plaintiff expressed a desire to amend his complaint and the motion to amend was filed prior to the deadline in the scheduling order.  Moreover, there is no prejudice. Little to no discovery has occurred and discovery is currently stayed.  There is no delay on the facts of this case, let alone "undue" delay that would support denial of leave to amend

2.     **The Amendments are Not Clearly Futile**

The futility analysis on a motion to amend compares to a Rule 12(b)(6) motion. See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) ("An amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'").  For a complaint to survive dismissal, it "must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, (2007)).  Given the liberal standard for the amendment of pleadings, "courts place a heavy burden on opponents who wish to declare a proposed amendment futile." Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc., 106 F. Supp. 2d 761, 764 (D.N.J. 2000) (citations omitted).  Although tracking Rule 12(b)(6), Rule 15 futility does not contemplate substantive motion practice on the merits of the claims:

> If a proposed amendment is not ***clearly*** futile, then denial of leave to amend is improper.  **This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense**; this does require, however, that the newly asserted defense appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit.

Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J.1990) (emphases added) (citations omitted); see also 6 Wright, Miller & Kane Federal Practice and Procedure, §1487 (2d ed. 1990).  Effectively, this means that the proposed amendment must be "frivolous or advance a claim or defense that is legally insufficient on its face . . . ." Marlowe Patent Holdings, LLC v. Dice Electronics, LLC., 293 F.R.D. 688, 695 (D.N.J. 2013).

Plaintiff's proposed amendments are not clearly futile.

First, Plaintiff does not add a FDCPA claim to the Amended Complaint; it was in the original pleading.  Indeed, at most, the amended complaint contains further

5

allegations of fact supporting the claim.  Thus, in this Court's view, it is not proper for TSI to challenge the FDCPA claim in opposing the motion to amend; rather, the time to challenge it was on a pre-answer Rule 12 motion to dismiss or through a dispositive motion at a later date.  Nevertheless, even assuming it were appropriate to consider the FDCPA claim, it is not clearly futile.

TSI's futility argument rests on the notion that Plaintiff's "financial obligation" at issue is not a "debt" within the meaning of the FDCPA because it arose from a toll violation.  Specifically, TSI claims that the money owed was a "toll violation fine" and not a "consumer debt" within the meaning of the FDCPA.  This argument is principally supported by an unpublished, not-precedential, non-binding 2008 decision from the United States District Court for the Central District of California.  See Yazo v. Law Enforcement Sys. Inc., 2008 WL 4852965 (C.D. Cal. Nov. 7, 2008).  Plaintiff attempts to distinguish the decision, but simultaneously claims that it supports his position in various ways.  In addition, Plaintiff refers to other non-binding cases that could be construed to decide the issue differently, see, e.g., Brown v. Transurban USA, Inc., 144 F. Supp. 3d 809, 842-43 (E.D. Va. 2015).

Clear futility is not established by citing an eight-year-old, unpublished district court case from a different circuit.  The Court would not hesitate to find futility if there were some glaring defect in the proposed pleading—e.g., a claim barred by the statute of limitations.  But that is not the case here.  Moreover, as Plaintiff points out, TSI's

6

argument that the "toll violation" is not a "debt" is somewhat confusing, as the letter TSI sent to collect the toll violation expressly states that "[t]his is an attempt to collect a <u>debt</u>." (Compl., Ex. A, emphasis added; ECF No. 1-1.)  For purposes of Rule 15, the Court accepts the allegations in the proposed pleading as true and is concerned only with definite frivolousness.  <u>Harrison Beverage</u>, 133 F.R.D. at 468.  This is not substantive motion practice.  And Plaintiff's FDCPA claim is not on its face frivolous.

Plaintiff's NJCFA and TCCWNA claims are also not plainly frivolous.  Plaintiff addresses the elements of each claim and explains how he has pleaded all of the requirements necessary to proceed.  (Pl.'s Reply Br. 15-20.)  TSI, however, argues the NJCFA claim is futile because this case does not involve fraud in connection with the sale of merchandise or real estate.  (Def.'s Br. 8-10.)  Plaintiff plausibly counters that, in the context of the statue, "merchandise" includes "toll debts" accrued through the use of a consumer purchased EZ-Pass transponder.  This dispute raises questions of pleading and statutory interpretation that exceed the limited analysis that applies to a Rule 15 motion to amend.  In addition, it may include a factual dispute.

Similarly, TSI claims that the TCCWNA claim is futile because the statute applies only to a "seller, lessor, creditor, lender or bailee" and it is none of these but simply a debt collector.  Plaintiff counters that TSI is either a creditor or a bailee, an issue that must be explored through discovery.  According to Plaintiff, if the debt has been purchased, TSI would be the creditor; if it has not been purchased, TSI would be a bailee.  Either way, he

contends, the statute applies.  Again, conclusively deciding this dispute in the context of a motion to amend would exceed the proper scope of the amendment analysis.

In short, the claims and arguments presented do not reflect conspicuous futility.  It is possible that some (or all) of Plaintiff's claims may ultimately fail.  However, for purposes of this motion and Rule 15, the Court cannot conclude that any aspect of the proposed amendment is clearly futile.[2]

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to amend is **GRANTED**. Plaintiff's amended pleading should be filed within 5 days.  The filing of the amended complaint provides Defendant with the opportunity to respond to the new pleading in any manner it believes appropriate, including by filing a Rule 12 motion.

s/Mark Falk_____
**MARK FALK**
**United States Magistrate Judge**

**DATED: September 20, 2016**

---

[2] Nothing in this Opinion suggests that any of Plaintiff's claims would survive a Rule 12 motion.  As discussed, while there is similarity between Rule 15 futility and Rule 12, the standards are not the same.

8